# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. WILMORE HATFIELD

**Direct Appeal from the Criminal Court for Fentress County**
**No. 7750     Eric Shayne Sexton, Judge**

---

**No. M2002-00939-CCA-R3-CD - Filed February 26, 2003**

---

The Appellant, Wilmore Hatfield, was indicted for attempted first degree murder, aggravated assault, felony possession of a weapon, and driving under the influence (DUI). Following a jury trial, Hatfield was found guilty of felony reckless endangerment, as a lesser-included offense of aggravated assault, and DUI. He was sentenced to concurrent sentences of two years for the felony reckless endangerment conviction and eleven months, twenty-nine days for the DUI conviction. On appeal, Hatfield raises the following issues for our review: (1) whether felony reckless endangerment is a lesser-included offense of aggravated assault as charged in the indictment; (2) whether the trial court's DUI instruction was proper; (3) whether the evidence was sufficient to support the verdicts; and (4) whether his sentences were excessive. We hold that felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing bodily injury to another by use or display of a deadly weapon. Therefore, the felony reckless endangerment conviction must be reversed and remanded for a new trial on the lesser charge of misdemeanor assault. Regarding Hatfield's DUI conviction, we conclude that the trial court properly charged the jury and the evidence was sufficient to support the verdict. However, we find that the trial court erred by ordering Hatfield to serve his entire eleven-month and twenty-nine-day sentence in the county jail. Accordingly, his DUI conviction is affirmed; however, his sentence is modified to reflect a sentence of eleven months and twenty-nine days, with all time suspended except forty-eight hours to be served in the county jail.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Sentence Modified; and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Onnie L. Winebarger, Byrdstown, Tennessee, for the Appellant, Wilmore Hatfield.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; William Paul Phillips, District Attorney General; and Paul G. Galloway, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

On February 9, 1999, the Appellant received his income tax check and traveled to the Top of The Mountain Market in Fentress County, where he purchased two six-packs of beer. The Appellant then proceeded to Obe Delk's meat packaging business just before dark. As the Appellant drove onto the business premises, Tracey Kerney, the victim, came outside and a heated conversation between the two ensued. The victim, who was highly intoxicated, began to beat the Appellant. To avoid further confrontation, the Appellant drove away. The Appellant testified that Kerney hit him in the head with a pistol and, during the altercation, the weapon fell onto the floor of the Appellant's vehicle. However, the victim denied having a gun.

The Appellant returned about thirty minutes later. He explained that, shortly after leaving, he discovered approximately $332.00 of his income tax refund and some tax papers had fallen out of his pocket during the fracas with Kerney and he had returned to recover the items. Upon his return, the victim again exited the business. Delk testified that, on this occasion, the Appellant cocked the gun and shot at the victim saying, "Run, bitch! Run!" The bullet struck the victim in the foot. The Appellant denied making such a statement and claimed that he was trying to unload the gun, when his thumb slipped off the hammer and it went off. The Appellant then drove away.

State Trooper Kevin Norris was at the Sheriff's office when a call concerning the shooting incident was reported. Shortly thereafter, Trooper Norris observed the Appellant's vehicle on Highway 52, where the Appellant was stopped. Norris testified that he smelled alcohol on the Appellant; however, he also testified that the Appellant did not appear to be under the influence of an intoxicant. Upon a search of the vehicle, Norris found "a .32 caliber pistol under the seat and some beer bottles." About forty-five minutes after the initial stop, the Appellant was taken to the hospital, where a blood sample was drawn, and his blood alcohol content was determined to be .11%.

A Fentress County grand jury returned a four count indictment charging the Appellant with attempted first degree premeditated murder, aggravated assault, felony possession of a weapon, and DUI. At the conclusion of a jury trial, the trial court charged attempted first degree murder, second degree murder as a lesser-included offense of that charge; aggravated assault, reckless aggravated assault and felony reckless endangerment as lesser-included offenses of that charge; and DUI. The Appellant was found guilty of felony reckless endangerment and DUI. This timely appealed followed.

## ANALYSIS

### I.  Felony Reckless Endangerment

First, the Appellant contends that "the trial court erred in charging the jury with felony reckless endangerment as a lesser included offense because all the elements of felony reckless endangerment are not contained in the crimes as charged in the indictment."  As previously noted, the trial court charged felony reckless endangerment as a lesser-included offense of aggravated assault.  The indictment for aggravated assault alleged that the Appellant "did unlawfully, feloniously, intentionally, and knowingly cause bodily injury to Tracey C. Kerney by shooting her with a pistol, a deadly weapon."

Convicting a person of a crime neither raised by the indictment nor a lesser-included offense thereof violates the Sixth Amendment, which requires that the State inform the accused "of the nature and cause of the accusation against him." U.S. CONST. amend. VI.  Allowing the Appellant to be convicted for an offense that was neither charged in the indictment nor properly classified as a lesser-included offense denies him appropriate notice of the charge against him. *See, e.g.*, *Hagner v. United States*, 285 U.S. 427, 52 S. Ct. 417 (1932); *Wong Tai v. United States*, 273 U.S. 77, 47 S. Ct. 300 (1927); *Rosen v. United States*, 161 U.S. 29, 16 S. Ct. 434 (1896); *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977) (all holding that the accused is denied proper notice unless the description of the offense will enable the accused to make out a defense or otherwise appropriately plead his case).

An offense is a lesser included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

> (1) a different mental state indicating a lesser kind of culpability; and/or

> (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

> (1) facilitation of the offense charged . . .; or

> (2) an attempt to commit the offense charged . . .; or

> (3) solicitation to commit the offense charged.

*State v. Burns*, 6 S.W.3d 453, 466-67 (Tenn. 1999). Here, the Appellant was indicted for aggravated assault but was convicted of felony reckless endangerment. Aggravated assault, as charged in this case, requires (1) a person to intentionally or knowingly cause bodily injury to another and (2) use or display a deadly weapon. Tenn. Code Ann. §§ 39-13-101(a)(1)(B), -102(a) (Supp. 2002). By comparison, the offense of felony reckless endangerment, for which the Appellant was convicted, requires (1) a person to recklessly engage in conduct which places or may place another person in imminent danger of death or serious bodily injury and (2) use or display a deadly weapon. Tenn. Code Ann. § 39-13-103 (1997).

Application of the lesser-included offense test articulated in *Burns* requires the conclusion that felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing bodily injury to another by use or display of a deadly weapon. Part (a) of the *Burns* test is not satisfied because the risk of danger element required for felony reckless endangerment is not an element necessary to establish aggravated assault as herein charged. Part (b)(1) of the *Burns* test is not satisfied because the disparate element, risk of danger, does not pertain to the relevant mental state. Applying part (b)(2), we conclude that the presence of imminent danger of death or serious bodily injury is not an essential element of aggravated assault committed by causing bodily injury to another by use or display of a deadly weapon. Our supreme court in *State v. Moore*, 77 S.W.3d 132, 136 (Tenn. 2002), held that felony reckless endangerment was not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. While the Appellant was indicted under a different theory of aggravated assault, the analysis of *Moore* is equally applicable here. One can commit the offense of aggravated assault as herein charged without creating the presence of imminent danger of death or serious bodily injury. The danger produced during the commission of felony reckless endangerment produces a more serious harm or risk of harm than that produced during the commission of aggravated assault committed by intentionally or knowingly causing bodily injury to another by use or display of a deadly weapon; therefore, part (b)(2) of the *Burns* test is not satisfied. Finally, felony reckless endangerment does not consist of facilitation of, attempt to commit, or solicitation to commit aggravated assault. We, therefore, find that part (c) of the *Burns* test is not satisfied. As such, felony reckless endangerment is not a lesser-included offense of aggravated assault as herein charged.[1] For these reasons, the felony reckless endangerment conviction must be reversed, and the conviction is remanded for a new trial on the remaining lesser charge of misdemeanor assault.

## II. DUI Charge

Next, the Appellant argues that the trial court's instruction with regard to the offense of DUI was incomplete. The trial court submitted the following pattern DUI instruction to the jury:

---

[1] Because felony reckless endangerment is not a lesser-included offense of aggravated assault, we find it unnecessary to address whether the evidence was sufficient to support the Appellant's felony reckless endangerment conviction and whether his sentence on that charge was excessive.

Any person who commits the offense of driving under the influence of an intoxicant is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant was driving or was in physical control of an automobile or motor driven vehicle; and

(2) that this act occurred on a public road or highway, or public street or alley, the premises of any shopping center, the premises of any trailer park, the premises of any apartment house complex, or any other premises which are generally frequented by the public at large; and

(3)(a) that the defendant was under the influence of an intoxicant; or

(b) the alcohol concentration in such person's blood or breath is ten hundredths of one (.10%) percent or more.

T.P.I. – Crim. 38.01. The Appellant objected to the charge, arguing that it did not adequately connect the act of driving and the condition of impairment. The trial court overruled the objection based upon the following rationale:

I simply stated the statute and it may have been a poorly drafted statute, and I probably could have filled in certain bits, but I think that goes toward argument and what the jury – what the jury believes. I think it adequately stated the law that I wanted them to consider. . . .

A trial court has the duty, in criminal cases, to fully instruct the jury on the general principles of law relevant to the issues raised by the evidence. In other words, the court must instruct the jury on those principles closely and openly connected with the facts before the court and which are necessary for the jury's understanding of the case. While a defendant may request special instructions, jury instructions are sufficient where they adequately state the law. *See, e.g., State v. Tyson*, 603 S.W.2d 748 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1980). When a trial court's charge to the jury is complete, it need not give additional special instructions requested by a defendant. *State v. Story*, 608 S.W.2d 599, 603 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1980). The instruction informed the jury that in order to convict the Appellant of DUI, the proof was required to establish (1) that the Appellant was driving a vehicle and (2) that his blood alcohol concentration was ten hundredths of one (.10%) percent or more. In our view, the contested pattern jury instruction is sufficient. Clearly, the instruction implied that the driver must be impaired at the time of operating the vehicle. Nonetheless, we note that the insertion of the word "while" between sections two and three of the pattern instruction would remedy the need for further appellate review of this issue. There was no requirement that the trial court give the special request, and no error occurred by the refusal to do so. This issue is without merit.

## III. DUI Sufficiency

The Appellant contends that the evidence is insufficient to support his DUI conviction. A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant was charged in a single count indictment of driving under the influence, first offense. The indictment charged alternatively that the Appellant operated his vehicle (1) while under the influence of an intoxicant or (2) while the alcohol concentration in his blood was ten hundredths of one (.10%) percent or more. Tenn. Code Ann. § 55-10-401(a)(1), (2) (Supp. 2002).

With regard to the former theory of prosecution, we find no proof in the record which demonstrates that the Appellant was under the influence of an intoxicant while driving his vehicle. The Appellant's vehicle was stopped by Trooper Norris because of a radio dispatch that the Appellant was involved in a shooting. The Appellant admitted that he drank two beers; however, the record is void of any evidence of impaired driving. Moreover, there was nothing from the Appellant's appearance or demeanor to indicate that he was under the influence of an intoxicant. Indeed, Trooper Norris testified that he saw no evidence to indicate that the Appellant was intoxicated.

With regard to the later theory of prosecution, the Appellant contends that the evidence was insufficient to support his so-called *per se* DUI conviction because there was no expert testimony to extrapolate the blood test back to the time the Appellant was driving. The Appellant asserts that the operative word in the DUI statute is the word "while" driving. The proof established that the period of time between the stop and the blood alcohol test was approximately forty-five minutes. We would agree that the wording of the statute requires that before a defendant may be convicted

of DUI under the *per se* provision, the proof must establish that the driving occurred <u>while</u> the person's blood or breath was ten hundredths of one (.10%) percent or more.[2]

Recognizing the tragic consequence to the public inexcusably inflicted by the act of drinking and driving, in 1996, our General Assembly amended our DUI statute to proscribe the conduct of driving (or in physical control) of a motor driven vehicle "while . . . [t]he alcohol concentration in such person's blood or breath is ten hundredths of one (.10%) percent or more." Tenn. Code Ann. § 55-10-401(a)(2). Thus, the issue in a prosecution for DUI under the *per se* provisions of section (a)(2) is not whether the person is "under the influence," typically a subjective determination, but whether that person's blood or breath alcohol concentration while driving was ten hundredths of one (.10%) percent based upon reliable testing.

The language of the statute couches the prohibited conduct in terms of driving <u>while</u> the person's alcohol concentration is .10% or more. Obviously, the legislature was aware that a chemical test could not be performed <u>while</u> the person was, in fact, driving his or her vehicle. To do so would require that the test be performed before the accused was stopped and lawfully seized. Moreover, we agree with the rationale of the New Hampshire Supreme Court that to require extrapolation as argued by the Appellant would place an impossible burden upon the State because (1) evidence with respect to when and in what amounts the Appellant consumed alcohol, which is necessary for extrapolation, would rarely be available; and (2) the rate of alcohol absorption varies considerably between individuals and extrapolation evidence is also complicated by the amount of food consumed at the time the alcohol is injected. *State v. Taylor*, 566 A.2d 172 (N.H.1989). The court reasoned that the legislature could not have intended to place such impossible roadblocks in the way of DUI prosecutions. Because the statute creates both a physical and legal impossibility, we are required to ascertain the legislative intent of the language, "[I]t is unlawful for any person to drive . . . while . . . [t]he alcohol concentration in such person's blood or breath is ten hundredths of one percent (.10%) or more." The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). In determining legislative intent, we look first to the statute itself, and rely, when possible, upon the ordinary meaning of the language and terms used, refraining from any forced or subtle construction to limit or extend the statute's meaning. *State v. Smith*, 893 S.W.2d 908, 917 (Tenn. 1994), *reh'g denied*, (Tenn. 1995), *cert. denied*, 516 U.S. 829, 116 S. Ct. 99 (1995).

In construing Virginia's *per se* DUI statute,[3] the court in *Davis v. Commonwealth* observed:

---

[2]Effective July 1, 2003, the .10% alcohol concentration level will be reduced to .08%.

[3]Virtually identical to this state's DUI statute, Virginia Code Annotated § 18.2-266 provides in part that it shall be unlawful for any person to drive or operate any motor vehicle (i) while such person has a blood alcohol concentration of 0.10 percent or more by weight by volume as indicated by a chemical test administered in accordance with the provisions of Virginia Code Annotated § 18.2-268, or (ii) while such person is under the influence of alcohol.

[T]his code section must be interpreted in the context of the factual circumstances in which by its very terms is applicable. While the statute proscribes no time limit within which the chemical test must be administered after driving, it is axiomatic that there can be no prosecution under this statute without the existence of a chemical test. . . . Thus, consistent with the factual circumstances in which this Code section is applicable . . . this Code section provides the basis for a presumption that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test.

*Davis*, 381 S.E.2d 11, 16 (Va. Ct. App. 1989); *accord Haas v. State,* 597 So.2d 770 (Fla. 1992)*; State v. Taylor,*566 A.2d. 172; *State v. Kubik,* 456 N.W.2d 487 (Neb. 1990); *State v. Knoll,* 718 P.2d 589 (Idaho Ct. App.), *review denied*, 776 P.2d 828 (Idaho 1986); *State v. Ulrich,* 478 N.E.2d 812 (Ohio Ct. App. 1984); *State v. Wetzel,* 782 P.2d 891 (Haw. Ct. App. 1989); *Ransford v. District of Columbia*, 583 A.2d 186 (D.C. 1990); *State v. Tischio*, 527 A.2d 388 (N.J. 1987), *appeal dismissed*, 484 U.S. 1038, 108 S. Ct. 768 (1988).

Adopting the rationale of the above jurisdictions, we interpret this state's *per se* DUI statute, Tennessee Code Annotated § 55-10-401(a)(2), to mean that the subsequently obtained test results are presumptive evidence of the blood alcohol concentration at the time of driving without the necessity of extrapolation. Reliable test results obtained within a reasonable time after the accused motorist is stopped, reflecting a .10% blood alcohol level, standing alone, constitute circumstantial evidence upon which the fact finder may, but is not required to, convict of *per se* DUI. Any issue of unreasonable delay between driving and testing may be considered by the fact finder as going to the weight to be given the blood or breath test. Moreover, we hold that the accused may challenge the test results by competent evidence or through the introduction of other evidence to establish that the test results do not accurately reflect his or her blood alcohol level at the time of driving.

In this case, the Appellant offered no proof at trial which refuted the accuracy of the .11% blood alcohol test results. Accordingly, we find the evidence is sufficient to support the Appellant's *per se* conviction for DUI.

### IV. DUI Sentencing

In his final issue, the Appellant contends that his DUI sentence of eleven months and twenty-nine days in total confinement was excessive. The Appellant's sentencing argument in its entirety follows:

Wilmore Hatfield had been a truck driver for over 30 years and had never been convicted or even arrested before for a DUI before.

The presumptive sentences in these cases are the minimum sentence in the range. T.C.A. Section 40-35-210. Although Mr. Hatfield had a prior conviction of aggravated assault which he had successfully completed probation, the imposition of maximum sentences to serve and denial of probation was in error.

The Appellant fails to provide this court with any legal authority in support of his sentencing argument. Accordingly, this issue is waived. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). Nonetheless, in the interests of justice, we elect to review the issue presented.

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. *Ashby*, 823 S.W.2d at 169. Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

As previously noted, DUI, first offense, is a class A misdemeanor. Misdemeanor sentencing is controlled by Tennessee Code Annotated § 40-35-302 (Supp. 2002), which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). More flexibility is extended in misdemeanor sentencing than in felony sentencing. *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998).

Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." Tenn. Code Ann. § 55-10-403(a)(1). In effect, the DUI statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. *State v. Combs*, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), *perm. to appeal denied*, (Tenn. 1997). Thus, the trial court's imposition of a sentence of eleven months, twenty-nine days is mandated by our legislature and is not improper.

The trial court imposed total confinement for the eleven-month, twenty-day sentence; thus, we are confronted with the question of whether such incarceration is justified based on the principles of sentencing and the nature and circumstances of the offense. *State v. Gilboy*, 857 S.W.2d 884, 889 (Tenn. Crim. App. 1993). Although otherwise entitled to the same considerations under the Sentencing Reform Act as a felon, the misdemeanor offender is not entitled to the presumption of a minimum sentence. *See State v. Seaton*, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted). Additionally, a misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. Moreover, the trial court was not required to make explicit findings on the record as a sentencing hearing is not mandatory. *See* Tenn. Code Ann. § 40-35-302. Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying must be granted discretion in arriving at the appropriate sentence.

In the present case, the trial court imposed total confinement, reasoning that:

I have been doing this a long time, but one of the things that is most offensive to the Court is to engage in conduct after you have been to court that had a great deal of similarity with the conduct that lead to these – this instant offense. You have not been found guilty of DUI, but that proof is not contested.[4] And you may not be guilty, Mr. Hatfield, of DUI, but it sounds like you were drinking and I am not asking you to respond – you have got a lawyer to talk to about that. But, you have the option to address some of this and you didn't. I can – I cannot understand how somebody would not stop drinking in a situation where they had nearly ended someone's life. And then have the jury give them – I thought you got a very fair day in court. I am not commenting on the – I think they did their job. I think the proof was – supported that kind of verdict. But then to go back out and engage in half of the conduct that lead to that injury, it just – it shocks me. I do think that you are a danger to society. I don't think you should be given an opportunity to – to be in the public, while you are behaving that way that you are behaving.

We find that the trial court exceeded the wide latitude of flexibility that is afforded in misdemeanor sentencing. An arrest or charge is not considered evidence of the commission of a crime. *State v. Marshall*, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993) (citing *State v. Miller*, 674 S.W.2d 279, 284 (Tenn. 1984)). A trial court should not use evidence merely showing arrests, without more, to enhance a sentence. *Id.* (citing *State v. Newsome*, 798 S.W.2d 542, 543 (Tenn. Crim. App. 1990)). The record indicates that the Appellant's sentence was erroneously enhanced based upon allegations of unproven criminal conduct. Moreover, upon *de novo* review, we note that the circumstances of the DUI offense were not aggravated. No property damage or personal injury resulted from the commission of this misdemeanor. At .11%, the Appellant was minimally above the blood alcohol concentration limit. This was the Appellant's first DUI conviction and, the Appellant cooperated with the police. According to sentencing principles, the sentence imposed should be justly deserved in relation to the seriousness of the offense. Tenn. Code Ann. § 40-35-102 (1997). The factors surrounding the DUI offense lead us to conclude that the Appellant's eleven-month, twenty-nine-day sentence should be modified to reflect service of a forty-eight-hour period of incarceration. Accordingly, the Appellant's sentence is modified, and the conviction is remanded for entry of a corrected judgment form consistent with this opinion.

## CONCLUSION

The Appellant's felony reckless endangerment conviction is reversed because felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing bodily injury to another by use or display of a deadly weapon. Accordingly, the Appellant's conviction for felony reckless endangerment is reversed and vacated. Because the DUI charge given to the jury was proper and because the evidence was sufficient to support the verdict, the Appellant's DUI conviction is affirmed. However, total incarceration for his eleven-month,

---

[4]No proof was developed at the sentencing hearing with respect to subsequent charges of DUI allegedly committed by the Appellant.

twenty-nine-day sentence is excessive and is, therefore, modified to require service of forty-eight hours in the county jail, with the remainder of the sentence suspended. The case is remanded to the trial court for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE