**STATE of Tennessee, Appellee,**

v.

**Thomas NEWSOME, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 13, 1990.

Permission to Appeal Denied by Supreme Court Oct. 29, 1990.

Charles W. Burson, State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., and Richard Fisher, Asst. Dist. Atty. Gen., Nashville, for appellee.

Michele D. Collins, Woods & Woods, P.A., Nashville, for appellant.

## OPINION

BYERS, Judge.

The appellant was convicted of aggravated kidnapping and sentenced to serve fifty-five years as a Range II persistent offender. He was also convicted of aggravated rape and sentenced to serve fifty years as a Range II persistent offender. The sentences were ordered to be served concurrently.

The issues raised by the appellant are:

I. the trial court erred in refusing to rule upon appellant's *Morgan* motion prior to appellant taking the witness stand, and

II. the inclusion of arrests in the presentence report prejudiced appellant's sentencing.

The judgments are affirmed.

The appellant filed a pre-trial motion in limine to prohibit the use of prior convictions for purposes of impeachment in the

event he testified. At the commencement of the trial, the judge informed the appellant the admissibility of these offenses would be determined after his direct testimony, in the event he testified.

The appellant claims this ruling was a violation of due process and deprived him of the effective assistance of counsel because he was forced to relinquish his right to testify or, if he exercised the right, he would subject himself to cross-examination concerning the prior convictions.

■ This same issue was raised in *State v. Martin*, 642 S.W.2d 720 (Tenn. 1982), and the Supreme Court held contrary to the appellant's assertion. Trial judges may, in their discretion, refuse to make a determination of whether prior convictions may be used for impeachment purposes before an accused testifies. This Court will not overturn such determination unless an abuse of discretion is shown. A mere assertion that an accused would have likely testified if a prior ruling was made is not a sufficient basis upon which to find the trial judge abused this discretion.

Under the second issue raised, the appellant asserts "the Tennessee statute allowing prior arrests is unconstitutional in that it violates the fundamental principal of due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution on the right to a fair trial."

We are unable to find anywhere in the sentencing act anything that permits prior arrests, where no conviction occurs, to be used in the sentencing scheme. The appellant's constitutional attack on this basis is therefore not based on any foundation and is not well taken.

■ The other constitutional attack is a claim the statute is unconstitutional because the term "criminal behavior" is vague and does not give clear warning of action for which an accused might be accountable.

■ The constitutional rights that attach in a case prior to conviction are much broader than those which attach in a sentencing scheme or hearing. The term "criminal behavior" is for the most part a generic term which people of ordinary intelligence will understand. Furthermore, the accused is furnished a copy of the pre-sentence report prior to sentencing and it will apprise him of those matters which are to be considered by the court at the sentencing hearing.

We see no unconstitutionality in this statute on the basis asserted, either in terminology or in use.

■ We agree with the appellant that the trial judge should not use mere arrest in determining what sentence to impose. In this case, it is clear the trial judge did not do so. The appellant was not therefore prejudiced by the testimony about his arrest in the pre-sentence report.

DWYER and REID, JJ., concur.