IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL SESSION, 1999

FILED

July 13, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9810-cr-00368 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HAMILTON COUNTY |
| VS. | ) | |
| | ) | HON. DOUGLAS A. MEYER |
| STANLEY WARREN MILLS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Second Degree |
| | ) | Murder) |


FOR THE APPELLANT:

TOM LANDIS
Suite 327
744 McCallie Avenue
Chattanooga, TN  374063

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

BILL COX
District Attorney General

RODNEY STRONG
Assistant District Attorney
600 Market Street
Chattanooga, TN  37403

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On July 25, 1996, Juvenile Court of Hamilton County charged Appellant with the first degree murder of Keith Hood. Appellant was nearly seventeen years old at the time of the murder and was transferred to Criminal Court to be tried as an adult. Appellant was indicted for first degree murder on December 11, 1996. In September of the following year, a jury found Appellant guilty of second degree murder. He was sentenced to twenty years incarceration as a Range I Standard Offender.

Appellant raises the following three issues on appeal: (1) whether the evidence was sufficient to convict him of second degree murder, rather than voluntary manslaughter; (2) whether the trial court erred in sustaining the State's objection to Appellant's counsel's reference to the victim as a "drug kingpin"; and (3) whether the trial court abused its discretion in failing to sentence him as an especially mitigated offender. After a careful review of the record the judgment of the trial court is *affirmed*.

## Facts

On May 5, 1996, Appellant attended a party at the YMCA in Chattanooga. At approximately 2:00 a.m. most of the attendees, including the Appellant, left the party and gathered at a neighborhood market. While at the market, a couple of individuals, including Appellant's brother, fired guns into the air. Appellant had stolen a gun from his father. Before leaving the market, Appellant obtained the gun from his brother and left with two of his friends. He was seated in the back seat of the vehicle. As Appellant and his friends rode away, another vehicle, driven by the victim (Mr. Hood), came upon them and

swerved in front of their vehicle. Appellant claimed that Mr. Hood had threatened him, and actually shot at him one week prior to this, so when he saw Hood swerve in front of them Appellant claimed he feared for his life. While Mr. Hood was stopped at a traffic light, the vehicle in which Appellant was a passenger approached Mr. Hood's vehicle in the left-turn lane. Appellant's vehicle stopped just before coming parallel to Mr. Hood's vehicle. Appellant asked to be let out of the car so that he could "handle some business." Appellant claimed he attempted to flee, but Hood's maneuvering of the vehicle "made him think it was useless." There was no other testimony concerning an attempt to flee. Appellant claimed that he heard the "pop" of Hood's electric locks and believed that Hood was getting out of the car to hurt him, so he shot at Hood from the passenger side of Hood's car. The bullet entered Hood's heart and caused internal bleeding, which led to death after only a few minutes. The investigation after the shooting revealed that Hood had never unlocked his doors and no weapon was found in his car.

## I. Sufficiency of the Evidence

When an appellant is challenging the sufficiency of the evidence the question to address is "whether a rational trier of fact could find from the evidence that the essential elements of the crimes for which the defendant stands convicted were proven beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307 (1979). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The Court of Criminal Appeals does not "reweigh the

-3-

evidence adduced at a criminal trial. A guilty verdict, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in testimony in favor of the theory of the state." State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

Appellant claims on appeal that the evidence could only support a conviction for voluntary manslaughter, rather than second degree murder. Second degree murder is a "knowing killing of another." Tenn. Code Ann. § 39-13-210. "Knowing" is "when the person is aware that the conduct is reasonably certain to cause the result." Id., § 39-11-106(a)(20). Voluntary Manslaughter is "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Id., § 39-13-211.

Here, the jury accredited the testimony of the State's witnesses and discredited the testimony of the Appellant and determined that there was insufficient provocation to warrant a verdict finding Appellant guilty of voluntary manslaughter. This was the prerogative of the jury and we will not second-guess the decision of that panel on the question of provocation. This issue is without merit.

## II. Reference to Victim as "Drug Kingpin"

Appellant next contends that sustaining the State's objection to Appellant's counsel's reference in his closing argument to the victim as a "drug kingpin" had the effect of making the jury discount Hood's actions and foreclosed consideration of the homicide as voluntary manslaughter. However, we disagree. The State contended at trial that "kingpin," while not a legal term, is a term that carries a high prejudicial connotation and there was

no evidence in the proof to support it.  While evidence of the reputation of the victim for peace or violence in the community is "generally admissible as is proof of specific acts of violence directed toward the defendant by the person he is accused of killing if the defendant claims to have been motivated to self-defense, by fears engendered by such knowledge," Broz v. State, 472 S.W.2d 907, 910 (Tenn. Crim. App. 1971), evidence of the victim's drug-related activities are irrelevant.  See e.g., State v. Copenny, 888 S.W.2d 450 (Tenn. Crim. App. 1993).  Appellant was allowed to testify regarding the incident one week before the killing, when the victim allegedly shot at Appellant.  Even if there had been evidence that the victim was a "drug kingpin," such information is not relevant and it is not a justification for a killing.  Appellant was not entitled to characterize the victim in a pejorative manner in order to create an inference that the homicide was justifiable.  This issue is without merit.

### III. Sentencing

Appellant next asserts that rather than being sentenced as a Range I standard offender, he should have been sentenced as an especially mitigated offender.  Our review of the trial court's sentencing is "*de novo* with a presumption of correctness conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Appellant has the burden of establishing that the sentence imposed by the trial court is erroneous.  In determining whether this burden has been met, we must consider the evidence received at trial and the sentencing hearing, the

presentence report, the principles of sentencing, arguments of counsel, the nature and circumstances of the offense, existing mitigating and enhancing factors, statements made by the offender, and potential for rehabilitation. Tenn. Code Ann. § 40-35-210. Appellant has not satisfied this burden. The evidence, sentencing principles, and relevant facts and circumstances do not show that the sentence imposed by the trial court was erroneous.

For this offense, which is a Class A felony, the presumptive sentence is twenty years. The sentence is then raised or lowered after balancing mitigating and enhancement factors. Tenn. Code Ann. § 40-35-210(d), (e). "The weight afforded mitigating or enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances . . .. In other words, the weight that is given to any existing factor is left to the trial court's discretion so long as . . . its findings are supported by the record." State v. Marshall, 870 S.W.2d, 532, 541.

The "trial court may find the defendant to be an especially mitigated offender if he has no prior felony convictions and the court finds mitigating, but no enhancing factors." Tenn. Code Ann. § 40-35-109(a). "The word 'may' when used in a statute or rule usually indicates that the act to which it refers is discretionary rather than mandatory, and will be so construed unless the context indicates a different meaning." State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993). The question of whether the Appellant should have been sentenced as an especially mitigated offender "rests within the sound discretion of the trial court." Id. Here, the court found three mitigating factors listed in section 40-35-113 of the Tennessee Code: (1) Appellant acted under strong provocation; (2) substantial grounds existed tending to excuse or justify his criminal conduct, though failing to establish a defense; and (3) because of

-6-

his youth, Appellant lacked substantial judgment in committing the offense. However, the trial court also found an enhancement factor under § 40-35-114. The enhancement factor that the trial court found was Appellant's previous history of criminal behavior. If the trial court's finding of an enhancement factor was correct, Appellant "did not qualify as an especially mitigated offender." Tenn. Code Ann. Sec. 40-35-109(a)(2); Braden, 867 S.W.2d at 763.

Appellant argues that while he did have juvenile arrests for criminal trespass, evading arrest, criminal impersonation and disorderly conduct after the commission of the instant offense, they are still pending in Juvenile Court; therefore, the trial court should not have considered them as enhancing factors of this offense. We agree with this argument. Section 40-35-114 states that the defendant's previous history of criminal convictions or criminal behavior" may be considered enhancement factors. Tenn. Code Ann. § 40-35-114(1). The trial court concluded that Appellant's juvenile arrests for the aforementioned conduct constituted "criminal behavior" under the statute.

We addressed a similar situation in State v. Buckmeir, where this court held that it was improper for a trial judge to consider pending criminal charges as evidence of "previous criminal behavior" to enhance a sentence under Section 40-35-114(1). We held that there was "no evidence in the record that these charges against the defendant were anything more than charges, the defendant is presumed innocent until convicted." State v. Buckmeir, 902 S.W.2d 418, 424 (Tenn. Crim. App. 1995). Such is the case here. The charges pending in juvenile court are "nothing more than charges and the trial court should not use evidence merely showing arrests, without more, to enhance a sentence." State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim.

App. 1994) (citing State v. Newsome, 798 S.W.2d 542, 543 (Tenn. Crim. App. 1990)); see also State v. Miller, 674 S.W.2d 279 (Tenn. 1984). Therefore, the trial court should not have considered these charges as an enhancement factor.

However, this does not end the inquiry. It is clear that Appellant used a firearm in the commission of the instant offense, a factor that the trial judge inexplicably failed to consider. This is clearly and appropriately an applicable enhancement factor in this case. See, Tenn. Code Ann. Sec. 40-35-14(a); State v. Butler, 900 S.W.2d 305 (Tenn. Crim. App. 1994). The presence of this valid enhancement factor disqualifies Appellant from consideration as an especially mitigated offender and amply supports his twenty year sentence. This issue is without merit.

Having reviewed the issues presented we find no reversible error and AFFIRM the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
NORMA MCGEE OGLE, JUDGE