IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

## STATE OF TENNESSEE v. SIDNEY JOSEPH OGLE

**Direct Appeal from the Criminal Court for Knox County**
**No. 75980     Richard R. Baumgartner, Judge**

---

**No. E2002-03112-CCA-R3-CD**
**October 13, 2003**

---

The appellant, Sidney Joseph Ogle, pled guilty in the Knox County Criminal Court to aggravated assault. The trial court sentenced the appellant as a Range I standard offender to three years incarceration in the Tennessee Department of Correction. The trial court denied the appellant's request for probation and the appellant timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Mark E. Stephens, District Public Defender, and J. Steven House, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Sidney Joseph Ogle.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leland L. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record before this court does not include a transcript of the guilty plea hearing. The following facts are gleaned from the presentence report:

> On [October 2, 2002,] warrants were served on [the appellant] charging him with aggravated assault and public intoxication. The warrants alleged that on [October 2, 2002,] an officer responded to a domestic violence call. The victim stated that her boyfriend pushed her against the kitchen cabinets and started choking her. They lived together at the time. The [appellant] admitted they had been arguing.

He was very intoxicated and was located on the front porch with an open beer. The victim had a social contact order of protection against the [appellant] at the time of the assault. The victim was transported to the hospital.

The appellant was subsequently charged by information with aggravated assault committed in violation of a restraining order. Tenn. Code Ann. § 39-13-102(c) (Supp. 2002). On November 13, 2002, he pled guilty to aggravated assault as charged. The trial court accepted the appellant's plea and imposed a sentence of three years in the Tennessee Department of Correction. Subsequently, the trial court held a sentencing hearing to consider the appellant's request for probation.

At the sentencing hearing, the State relied upon the presentence report. The State acknowledged that the appellant had "a serious alcohol problem that's bringing him down." In addition to alcohol treatment, the State recommended that if the trial court granted probation, the appellant be required to serve his probation in a half-way house, because "[i]f we just send him out on regular probation now, it's setting him up for failure." The State also recommended that the trial court order the appellant to have no contact with the victim, but acknowledged that the victim would likely initiate contact with the appellant.

In response to the State's recommendation, defense counsel conceded that the appellant had "a serious drinking problem." Defense counsel advised the trial court that the appellant did not have the financial resources to pay for admittance to a half-way house. Defense counsel requested that the appellant be admitted to an inpatient treatment program until he could obtain "social security disability" to pay for his stay at a half-way house. Defense counsel also agreed that the victim would likely initiate contact with the appellant; therefore, ordering the appellant to have no contact with the victim would be "problematic." Defense counsel asked the trial court to consider terminating the order of protection upon the appellant's successful completion of treatment for his alcohol problems.

The presentence report reflects that the forty-three-year-old appellant stated that he began binge drinking when he was eight years old. He had previously sought treatment for his alcoholism at Peninsula Hospital, the Helen Ross McNabb Center, and Knox Area Rescue Ministries. However, the appellant reported that he had recently stopped drinking after learning that the deaths of his father and brother were alcohol-related. The appellant reported that at the time of the instant offense, he was intoxicated and "remembers none of it." The presentence report reflects that the appellant has thirteen prior convictions, including five convictions for driving under the influence and four convictions for public intoxication. The presentence report also reflects that the appellant was arrested on three prior occasions for assaulting the victim in the instant case, but each of those charges was dismissed.

After considering the arguments of counsel and reviewing the presentence report, the trial court denied the appellant's request for probation, finding,

Well, this is a time when I disagree not only with [defense counsel's] assessment, . . . but I disagree with the [S]tate's assessment. [The appellant] has at least 13 prior convictions, five prior DUI convictions. He's been in custody substantial periods of time during those convictions, but on each occasion he continues to [commit] criminal offenses.

With regard to this particular offense, the history in this case is - and I feel justified in relying on this because of the information in the presentence report - is that this victim has been assaulted on previous occasions by [the appellant]; one time sent her to the hospital.

The warrant in the case was dismissed on a technicality because the . . . magistrate failed to actually sign the warrant, and it was dismissed on that basis. There was another assault after that, and then this assault in which the officers personally observed the injuries to Ms. Young on her face and neck.

Based on your prior history of criminal conduct, based on the fact that prior attempts to rehabilitate you have been unsuccessful and your continuing criminal activity, including these assaults on this victim, I don't find you're an appropriate candidate to be placed on probation, . . . and I'm going to deny that and send you to the penitentiary to serve this sentence.

## II. Analysis

On appeal, the appellant challenges the trial court's denial of probation. When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record demonstrates that the trial court failed to consider the sentencing principles and the relevant facts and circumstances, review of the sentence will be purely de novo. Id.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102 and -103 (1997), -210 (Supp. 2002). See also Ashby, 823 S.W.2d at 168. The burden of

showing that a sentence was improper is on the appellant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Tennessee Code Annotated section 40-35-102(5) provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." A defendant who does not fall within this class of offenders and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6). Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993) (citation omitted); see also Tenn. Code Ann. § 40-35-303(a) (Supp. 2002). However, the presumption of alternative sentencing may be rebutted by "evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). Guidance as to what constitutes "evidence to the contrary" is found in Tennessee Code Annotated section 40-35-103(1) (1997), which provides for confinement when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Additionally, "the potential or lack of potential for rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

On appeal, the appellant contends that the trial court relied upon "an improper presentence report" to deny the appellant's request for probation. Specifically, the appellant asserts that the presentence report contained "numerous prior arrests that did not result in conviction," including three prior arrests for assaulting the victim in the instant case.[1] Arguing that consideration of dismissed charges in setting a sentence is grounds for "reversal of a sentence," the appellant maintains that he should be placed on full probation or receive a sentence of split confinement.

---

[1] The presentence report reflects that in addition to thirteen prior convictions, the appellant had twelve prior arrests that did not result in conviction.

In denying the appellant's request for probation, the trial court found that the appellant had "a long history of criminal conduct." See Tenn. Code Ann. § 40-35-103(1)(A). "Ordinarily mere arrests or indictments are not evidence of the commission of a prior crime." State v. Miller, 674 S.W.2d 279, 284 (Tenn. 1984). A trial court should not use evidence showing mere arrests, without more, to enhance a sentence. State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993) (citing State v. Newsome, 798 S.W.2d 542, 543 (Tenn. Crim. App. 1990)). However, in the instant case, the trial court did not rely solely on the appellant's numerous arrests. The trial court also considered that the appellant had thirteen prior convictions, thereby justifying the denial of probation based upon the appellant's "long history of criminal conduct." Additionally, we note that the trial court denied the appellant's request for probation based upon the appellant's lack of potential for rehabilitation. See Tenn. Code Ann. §§ 40-35-102(5), -103(5). Specifically, the trial court found that the appellant had been "in custody substantial periods of time [for prior] convictions, but on each occasion he continues to [commit] criminal offenses." This issue is without merit.

The appellant also asserts that the trial court failed "to address all sentencing considerations." We disagree. As part of the plea agreement, the appellant agreed to a sentence of three years, with the trial court to determine whether to grant alternative sentencing. The trial court found that although the appellant was presumed to be a favorable candidate for alternative sentencing, the presumption had been successfully rebutted by evidence to the contrary. The trial court determined that based upon the appellant's long history of criminal conduct and his lack of potential for rehabilitation, the appellant was not "an appropriate candidate to be placed on probation." Clearly, the trial court considered the sentencing principles and appropriately denied alternative sentencing. This issue is without merit.

### III. Conclusion

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE

-5-