IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1996 SESSION

FILED

December 9, 1997

Cecil W. Crowson
Appellate Court Clerk

|                        |   |                              |
|------------------------|---|------------------------------|
| THOMAS NEWSOME, JR.,   | ) |                              |
|                        | ) |                              |
| Appellant,             | ) | No. 01C01-9506-CR-00167      |
|                        | ) |                              |
|                        | ) | Davidson County              |
| v.                     | ) |                              |
|                        | ) | Honorable Ann Lacy Johns, Judge |
|                        | ) |                              |
| STATE OF TENNESSEE,    | ) | (Post-Conviction)            |
|                        | ) |                              |
| Appellee.              | ) |                              |

For the Appellant:

J. Timothy Street
136 Fourth Avenue South
Franklin, TN 37064

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
          and
Clinton J. Morgan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
          and
Roger Moore
Assistant District Attorney General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Thomas Newsome, Jr., appeals as of right from the denial of his petition for post-conviction relief by the Davidson County Criminal Court. The petitioner complains about his 1988 convictions for aggravated rape and aggravated kidnapping for which he received an effective sentence of fifty-five years in the custody of the Department of Correction. His sole claim in this appeal is that the trial court erred when it determined that the petitioner received the effective assistance of counsel.

The petitioner's first convictions for these offenses were reversed upon direct appeal. State v. Thomas Newsome, No. 86-186-III, Davidson County (Tenn. Crim. App. Dec. 12, 1986). He was convicted in a second trial, and the judgments of conviction were affirmed on appeal. State v. Newsome, 798 S.W.2d 542 (Tenn. Crim. App. 1990). It is from these convictions that he seeks relief.

The gist of the petitioner's argument is that there are inconsistencies in the testimony given by the victim in the first and second trials that her trial attorney in the second trial should have pursued. These inconsistencies relate to such things as what the victim said to the petitioner at the scene of the crime, where the petitioner hid his gun on his person at the time of the kidnapping, and the specific timing of the offenses.

The basic evidence provided by the victim was that she went riding with two friends and as she got into the car, the petitioner, who she knew by name, yelled at her not to get into the car. The victim got into her friends' car, but the petitioner followed in his car. Subsequently, both cars stopped, and the petitioner got out, saying that she should get out of the car. She refused, but the petitioner pulled a gun. The victim then got into his car. According to her, she was fearful of him and believed that

2

she had no choice. They ended up in a parking lot, and the petitioner told her to take off her clothes. After having intercourse with her, the petitioner took the victim to the neighborhood where she lived and let her out of the car. Medical evidence was consistent with rape.

At the evidentiary hearing, the petitioner acknowledged that the evidence presented in both cases was basically the same. The trial attorney testified that she saw nothing in the discrepancies that would have her question her performance at the trial. The trial court concluded that the trial attorney's performance was not deficient and that, in any event, the inconsistencies would not have affected the outcome of the trial. We agree.

Under the post-conviction law applicable to the petitioner's case, the burden was on him in the trial court to prove by a preponderance of the evidence the factual allegations that would entitle him to relief. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). On appeal, we are bound by the trial court's findings unless we conclude that the evidence in the record preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 369-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to

3

counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations of deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

We have reviewed the transcripts of the first trial, the second trial, and the post-conviction evidentiary hearing. Although the discrepancies cited by the petitioner do exist, we see nothing presented that indicates that the failure to raise them fell below the range of competency demanded of counsel in criminal cases. Likewise, we view

4

the discrepancies as matters of no consequence to the end result of the trial.  Under these circumstances, the evidence in the record on appeal does not preponderate against the trial court's findings and conclusions.

The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
David H. Welles, Judge